## KELLY *v.* FORD.

A party in possession of a promissory note by assignment, is presumed to be the owner.

When the note is assigned before maturity, such assignment is *prima facie* evidence, that the note was received by the holder, upon a valuable consideration, in the usual course of business.

Whatever may be the state of facts as to the consideration, between the maker and payee, there is no presumption against the holder, that he has not paid a valuable consideration for the note; and a jury will not be authorized by any evidence of fraud or want of consideration, between the original parties to the note, to infer that it was assigned after maturity, or that no consideration was paid for it by the holder.

The assignment itself imports a consideration, and until the presumption of consideration is rebutted, the holder need offer no other proof.

Where the maker of a promissory note, claims that the assignee received the note, with notice of fraud, or want of consideration in its inception, such notice must be proved; and the assignee cannot be charged with such notice, by reason of any want of diligence on his part, in ascertaining the fact of such fraud or want of consideration, even when he is in a situation where such facts could be ascertained by inquiry.

Where there is a sufficient defence, as between the payee and the maker of a promissory note, the innocent holder cannot be called upon to account when, or upon what consideration, the note was transferred to him, or how it came into his hands, until after something has been shown affecting the *bona fides* of his possession.

Where suit is brought on a promissory note in the name of an assignee, to which the defendant pleads fraud and the want of consideration, the *onus* of showing the fraud and want of consideration, and that the plaintiff is not a *bona fide* holder of the note, for a valuable consideration, without notice of the alleged fraud, rests upon the defendant.

Where a plaintiff establishes by proof, more than is necessary to make out his case, the defendant is not injured, so that he can reasonably complain.

Where, in an action on a promissory note brought in the name of the assignee, the defendant pleaded fraud and want of consideration, upon which issue was joined; and where the defendant failed to establish the main branch of his defence, in relation to the fraud and want of consideration; and where the court excluded certain depositions taken by the defendant, which depositions tended to show, that the plaintiff and the payee of the note, subsequent to the assignment thereof, were connected in business transactions similar to that for which the note was given; *Held,* That the defendant was not injured by the exclusion of the depositions.

*Appeal from the Jones District Court.*

SUIT on two negotiable promissory notes, for $250 each,

Kelly v. Ford.

dated February 5, 1852, and payable one in one year and the other in two years from date, given by defendant to one P. Byam, and assigned to plaintiff April 10, 1852. The defence was, that the notes were obtained by fraud : that the consideration for which they were given had failed ; and that the plaintiff was not a *bona fide* holder of the notes, but that they are still the property of Byam, the payee, and held by plaintiff as agent and trustee for him, plaintiff having paid no consideration for them. The answer is denied by the replication of plaintiff, and issue joined thereon. During the progress of the trial, exceptions were taken by defendant to the ruling out of certain depositions taken by defendant, and to the admission of certain testimony offered by plaintiff, and also to the giving and refusing certain instructions. The jury found a verdict for plaintiff for $699.24, for which judgment was rendered. Defendant appeals. The instructions refused will be found in the opinion of the court.

*W. J. Henry*, for the appellant.

*Whitaker & Grant*, for the appellee.

STOCKTON, J.—The execution of the notes sued on was admitted by defendant. Upon him, however, devolved the burden of showing that they were obtained by fraud, and were without consideration ; and that the plaintiff was not a *bona fide* holder thereof for a valuable consideration, without notice of the alleged fraud or want of consideration between the maker and payee. The defendant avers in his answer, that the notes were given for an interest in the Parker water wheel, assigned to plaintiff, by Byam, the payee of the notes ; that Byam had represented that he owned and had the exclusive right to dispose of the same for the state of Iowa ; that Byam at the time, had no such right ; that his representations were false, and intended to cheat and defraud the defendant ; that the plaintiff and Byam were partners in the said sale, the plaintiff having paid no consideration for the notes, and being only the agent and

trustee of Byam in bringing the suit; and that at the time of the assignment of said notes, plaintiff well knew that defendant had a good defence thereto.

It is assigned for error by defendant, that the court permitted plaintiff to give in evidence the patent right for the "improvement on the percussion and re-action water wheel," and the assignment of the same to Byam. We think there was no error in permitting the evidence to go to the jury. The papers were duly authenticated, and one of the averments of defendant's answer, is that Byam had no interest in said patent right. The affirmative of the issue being on the defendant, it was his duty to prove that Byam had no interest in the Parker water wheel. As he did not do so, it was not incumbent on plaintiff to show that Byam had such interest; but if he does show it, we do not see that defendant is damaged so that he can reasonably complain.

The second assignment of error relates to the exclusion of certain depositions taken by defendant. These depositions did not tend to prove or disprove any fact in issue between the parties. The reason why they were excluded does not appear in the record, nor does the defendant attempt to show or explain wherein the court erred in suppressing them. The witnesses knew nothing of the title of Byam to the patent right, and all that they testify to, is the connection of Byam and plaintiff, in the business of selling rights to Parker's water wheel, subsequent to the time of the assignment of the notes. Even if they fully establish the averment in the answer of defendant, as to the right and title of the notes being still in Byam, as we think that defendant has not established the main branch of his defence in relation to the fraud and failure of consideration, we do not see that the exclusion of the depositions has wrought any injury to his case.

The third and fourth assignments of errors refer to certain instructions to the jury, given by the court at the request of the plaintiff, and others asked to be given by defendant and refused by the court. As the defendant offered no evidence of the failure of consideration, or of the fact that the notes

were obtained by fraud, or that they were not assigned for a valuable consideration ; and as the instructions given at the request of the plaintiff are to the effect that the execution of the note and assignment being proved, plaintiff is *prima facie* entitled to recover, unless defendant proved the fraud or failure of consideration, and notice thereof to plaintiff, it will be unnecessary for us to consider the instructions at length, which were given at plaintiff's request.

The court refused to give the following instructions asked by defendant:

1. That if the jury believe that the consideration for the notes given by Ford to Byam, was a right to the Parker water wheel, and that the patent right on the same had expired before the sale to the defendant, there was no consideration for said notes; and if they believe that plaintiff had notice of the want of consideration, or was in a situation where, by using reasonable diligence, he might have known the fact, they must find for defendant.

2. That when fraud or illegality is established in obtaining a promissory note by the payee against the maker, and the note is assigned, the assignee must prove that he took the note in the regular course of business, before it became due, for a valuable consideration, and without notice of the fraud or illegality.

3. Where fraud or illegality is established, there is a presumption of law that there was no consideration paid by the assignee to the assignor, for the transfer of the note; but the presumption of law is that the payee, not being able to sue on the note in his own name, has handed it over to another person to sue upon it for his benefit. This presumption so raised by the law, must be rebutted by the holder showing affirmatively, that he gave value for the note.

4. That if the jury believe that plaintiff and Byam were connected together in the sale of a right or patent to the Parker water wheel, after the right on said wheel had expired, and that they usually took notes, on making sale of such pretended right, and were engaged in no other business upon which they were taking promissory notes, this would

be a circumstance which, unexplained by the plaintiff, would warrant the jury in concluding, that plaintiff knew that said notes had been given for said pretended right, and that they must find for defendant.

5. That if the jury believe that the notes given by Ford to Byam, were obtained upon the fraudulent representation of Byam, then they are not authorized to infer that said notes were assigned at the time they purport to have been by the assignment made on the back of them; neither is said assignment evidence of any value having been paid by the holder of said notes.

These instructions asked by the defendant, we think were properly refused by the court. Even if correct as legal propositions, the refusal to give them as law to the jury, could in no wise prejudice defendant's cause. They were based upon the assumption that fraud and illegality had been established between the maker and payee, as to the consideration of the note. It is assumed that the patent right to the improvement in the Parker water wheel, had expired by limitation at the time of the sale to defendant. There can be no pretence that any evidence of this fact was offered to the jury by defendant, and that introduced by plaintiff showed clearly that the right had not expired, but was in full force.

But the instructions were incorrect, and were properly refused, because they did not rightly state the law. The plaintiff being in possession of the note by assignment, is presumed to be the owner. Such assignment is *prima facie* evidence that the note was received by him upon a valuable consideration, in the usual course of business. When a note is assigned before maturity, whatever may be the state of facts, as to the consideration, between the maker and the payee, there is no presumption against the holder, that he had not paid a valuable consideration for it; and a jury would not be authorized by any evidence of fraud or want of consideration between the original parties, to infer that the note was assigned after maturity, or that no consideration was paid for it by the holder. The assignment itself

Kelly v. Ford.

imports a consideration, and until such presumption is rebutted, the holder need offer no other.  If defendant claims that the assignee received the note with notice of fraud, or want of consideration in its inception, such notice must be proved, and plaintiff cannot be charged with such notice by reason of any want of diligence on his part, in ascertaining the fact of such fraud or want of consideration, even when he is in a situation where such facts could be ascertained by inquiry.  Where there is a sufficient defence as between the payee and the maker of a promissory note, the innocent holder cannot be called upon to account when, or upon what consideration, the note was transferred to him, or how it came into his hands.  Byles on Bills, 61; *Morton* v. *Rogers*, 14 Wend. 580; 6 Wend. 621.

The rule that in an action by a *bona fide* holder of a bill or note, transferred before due, without notice, the want or illegality of consideration cannot be shown, except where the note has been declared void by the statute, has not been adhered to in some of the modern decisions in England; and it has there been held, that upon proof of want or failure of consideration, as between the maker and payee, the plaintiff must show how the note came into his possession, and that he received it in the regular course of business for a good consideration.  2 B. & A. 291; 14 Wend. 581.  The rule as laid down by Mr. Chitty, is that the holder of a bill or note need not, in the first instance, show a consideration; possession proves property; but if there is any suspicious circumstance as to the *bona fides* of his possession, and the defendant has a good defence against the payees, then the holder must show that he paid value for it; as if the note has been lost or stolen, or fraudulently put into circulation, then the plaintiff must show that he came lawfully by it and paid value for it.  Chitty on Bills, 1045; *Vallette* v. *Parker*, 6 Wend. 621; 3 Johnson's Cases, 260.  There was no evidence in this case, to cast a suspicion of bad faith on the possession of the note by plaintiff, and until such evidence was introduced he could not be required to account for his possession.

The fourth instruction asked was so vague, inconclusive and foreign to the question at issue ; so nearly trenching on the province of the jury, in asking the court to direct what evidence was sufficient to authorize them to find a verdict for the defendant, that it was correctly refused.

By the fifth, the court were asked to instruct the jury that there was so intimate a connection between the consideration of the note, and the consideration of the assignment to plaintiff, that if the first was shown to have failed, the jury were authorized to infer that there was none for the latter. To state such a proposition, is to refute it.

Judgment affirmed.