WILKINSON, STETSON & CO. v. SARGENT.

1. INDORSEMENT. An indorsement on a promissory note is *prima facia* evidence that the note is the property of the indorsee, and that it was transférred before maturity.
2. PREJUDICE. The judgment below will not be reversed because of erroneous ruling of the law, when the record does not disclose that the appellant was thereby prejudiced.

*Appeal from Jefferson District Court.*

TUESDAY, NOVEMBER 1.

On the 2d August, 1855, the defendant gave his note for $515.58 to Webster, Button & Call, payable in one year, which was indorsed to the plaintiffs without date. It was payable at the banking house of Henn, Williams & Co., in Chariton, Iowa.

The defendant pleaded payment, and offered to introduce in evidence, the depositions of witnesses to show that when he purchased the goods for which the note was given, and when that was given, the payees told him he might remit the money without paying it at the bank at Chariton, and that on the 28th of August, 1856, he did remit to Webster, Button & Call, the payees, two drafts for an amount sufficient to pay the note. This evidence being objected to, because it did not tend to show payment to the plaintiffs, was rejected by the court.

The court instructed the jury that the indorsement on the note was *prima facia* evidence that the note belonged to the plaintiffs before it became due.

A verdict was rendered for the plaintiffs, and the defendant moved for a new trial, which was overruled, and he appealed. He excepted to the rejection of the evidence in the depositions, and to the above instruction, and now assigns these, with the overruling the motion for a new trial, as error.

*C. Negus* for the appellant.

*Slagle & Atchison* for the appellee.

WOODWARD, J.—The instruction that the indorsement was *prima facia* evidence of the transfer of the note before due, was unquestionably correct, and the proof of payment to the payees was unavailing, unless the defendant could show that it was made before the transfer, or that the indorsement was made after due, which he did not attempt.

It follows that the court did not err in rejecting the testimony. Neither was there any ground for granting a new trial.

The judgment is affirmed.