## FLETCHER v. ANDERSON, et al.

1. PARTNERSHIP INDORSEMENT. One partner can not, without the consent of his co-partner, endorse a note payable to the firm in payment of his individual debt.

2. SAME. But where a note was indorsed in blank by a co-partnership before a dissolution thereof, and it remained in the hands of one of the co-partners after dissolution, and was by him delivered, before maturity, to a third party in payment of an individual debt, it was held, that in the absence of a showing to the contrary it will be presumed that it was the property of the co-partner when the transfer was made.

3. SAME. While an indorsement by the firm, of a note, payable to the co-partnership, before dissolution, and possession of the same by one partner, after dissolution, raises the presumption of ownership in the partner, such presumption may be rebutted.

*Appeal from Mahaska District Court.*

SATURDAY, OCTOBER 20.

*Rice, Myers & Rice* for the appellants.

I. Cassiday, after the dissolution of the firm of Loughridge & Cassiday, being in possession of the note, and it indorsed in blank, is presumed in law to be the owner.

*Kelly* v. *Ford*, 4 Iowa 140; *Goddard* v. *Cunningham*, 6 Iowa 400; *Gordon* v. *Pitt*, 3 Iowa 390; *Temple* v. *Hays*, Morris 9; *Volette* v. *Parker*, 16 Wend. 619.

II. The defendant, Cassiday, being in possession of the note duly indorsed in blank, the said indorsement is presumed to have been made at the time the note was executed. Best on Ev. section 133, 181; Bayley on Bills, 86; *Hendricks* v. *Judah*, 1 Tobias R. 319; *Burnham* v. *Wood*, 8 N. H. 334; 19 Maine, 232; *Renger* v. *Coy*, 1 Met. 369; *Washburn* v. *Whitney, et al*, 17 Verm. 299.

III. The signature of the firm being found on the note, the presumption of law is that it was given in payment of either a firm debt or on settlement of firm accounts found in the hands of Cassiday, and unless rebutted by proof, both of the partners are liable on the indorsement. *Volette* v. *Parker*, 16 Wend. 619; *Ridley* v. *Taylor*, 13 East. 182.

IV. While it is true that one partner has no right to apply partnership property to the payment of an individual debt, yet if the creditor received it *bona fide*, supposing it was the individual property of the partner, he will be entitled to hold the same. *Livingston* v. *Hastie*, 2 Conn. 249; *Same* v. *Rosevelt*, 4 John 279; 20 Wend. 251.

V. If negotiable paper of a firm be given by one partner on his private account, and the paper should fall into the hands of an innocent and *bona fide* holder, the firm would be bound. *Livingston* v. *Rosevelt*, 4 Johns 269, 279; *New York Fire Insurance Company* v. *Bennett*, 5 Cowen 579; *Granwort* v. *Williams*, 14 Wend. 139; *Catskill Bank* v. *State, et al*, 15 Wend. 364; *Same* v. *Same*, 18 Ib. 466; *Wells* v. *Evans*, 20 Ib. 251; *Bank of St. Alban* v. *Gilliland, &c.*, 23 Ib. 312.

*William Loughridge, pro se,* cited the following authorities: *Livingston* v. *Hastie,* 2 Caines 249; *Same* v. *Rosevelt,* 4 John 271; *New York Fire Insurance Company* v. *Bennet,* 5 Conn. 580; Story Part. section 133, note 1; *Rogers* v. *Batchelor,* 12 Peters 230; *Lansing* v. *Games & Ten Eyck,* 2 John 303; 2 John. 300; 19 Ib. 157; 16 Ib. 38; 1 East 48; 2 Pet. 186; 11 Wend. 175; 1 Ib. 529; 23 Ib. 311. Byles on Bills, 136 note; Smith's Mer. L. 97; 5 Cow. 489;

LOWE, C. J.[1]—Plaintiff, as indorsee, sues Anderson, maker, and Loughridge & Cassiday as indorsers on the following note:

$195.                     WINTERSET, Iowa, August 4th, 1856.

Two years after date I promise to pay Loughridge & Cassiday one hundred and ninety-five dollars, for value received, with ten per cent interest after due.

(Signed)                ALEXANDER S. ANDERSON.
(Indorsed)              LOUGHRIDGE & CASSIDAY.

Petition in usual form. The defendants Anderson and Cassiday were not served and did not appear. Loughridge alone defends, and answers in substance as follows: That the allegations of the plaintiff's petition are untrue; that in 1855 or 1856 he and Cassiday became joint owners of a tract of land adjoining the town of Winterset, in this State; that they laid off the same into town lots as an addition to said town; that these lots were sold principally upon time; that the notes were drawn in different ways, sometimes to Loughridge & Cassiday, and sometimes to Cassiday & Loughridge; that bonds for titles were signed by them in the same way; that about the date of the note, Cassiday was up at Winterset, and may have sold a lot to defendant Anderson, for this note, but that he does not know that such was the fact; that he had never seen or heard of the note till found in the possession of plaintiff; that Cassiday had no authority to indorse his name upon the same, or the name of "*Loughridge & Cassiday;*" that if it was so indorsed it was done by Cassiday without the knowledge, consent or

1. WRIGHT J., dissenting.

authority of this defendant, either expressed or implied; that this defendant had never anything to do with the consideration for the transfer of said note, nor any interest in the same, nor did he ever authorize the said Cassiday to sign his name to notes or indorsements; that aside from selling some of said lots as aforesaid, defendant and said Cassiday were not, at the time the note was indorsed, doing any business together, of any kind, but that said Cassiday was doing business alone on his own responsibility; and finally, that he is the owner of the undivided half of said note, and protests against the prosecution of this suit against the maker of it so far as his interest is concerned, &c.

The plaintiff's replication traverses the above allegation. Cause tried by the court who found the following facts:

That defendant Anderson, executed this promissory note to Loughridge & Cassiday for the sum of one hundred and ninety-five dollars, as set forth in the petition; that the note was indorsed by Cassiday in the name of Loughridge & Cassiday, and transferred by him to one James A. Young, and by Young it was transferred to the plaintiff, Fletcher; that the plaintiff held a note against Cassiday upon which Young was security, and to indemnify him against his liability on that note, Cassiday transferred to him the one on which this suit is brought; the said Young agreed to take this note for that purpose, and in pursuance thereof Cassiday brought him the note already indorsed by Loughridge and Cassiday, but Young did not know where or when the indorsement was written. He did know, however, that it was in Cassiday's hand-writing, and the evidence showed that Young took the note as Cassiday's property. After Young had thus obtained the note, he transferred it to the plaintiff, along with some others, and took up the one upon which he was security for Cassiday. That the plaintiff knew at the time he received the note, the circumstances under which it was transferred to Young. The evidence tended to show that at the time the note was transferred to Young, the part-

nership of Loughridge & Cassiday was dissolved, and that both he and the plaintiff had notice of it. That there was no evidence that either Young or the plaintiff ever had any dealings with said partnership. The note was transferred in July, 1857, before its maturity."

Upon these facts the court held that Loughridge's defense was made out and accordingly gave a judgment for him.

In doing so, the court stated the ground of its decision, which was, "that one partner, without the consent of his co-partner, can not endorse a partnership note in payment of an individual debt." The principle is sound law, but only applies when the paper indorsed belonged at the time to the firm. It has no application to paper that once was the property of the firm, but which, at the time of the transfer, had passed to the ownership of one member of the firm, and *that*, in legal contemplation the facts show was this case.

At the time this note was transferred to Young, Cassiday did not indorse upon it the names of Loughridge & Cassiday; that indorsement had been made prior thereto, and the law presumes that it was made (being a blank indorsement) at its date or at least before its maturity. Edw. on Bills and Prom. Notes, 312; 8 Wend. 600; 7 Paige's Ch. 615; *Wilkinson, Stetson & Co.*, v. *Sargent*, 9 Iowa 521.

After the dissolution of the firm it is found in the possession of one of the members regularly indorsed in the firm name. The law presumes that he came rightfully into the possession of it, either in the usual course of business or at the dissolution of the firm, and will regard him as the lawful owner until circumstances of suspicion are shown. Edw. on Bills and Prom. Notes, 312; 18 Barb., 344; 6 Hill, 336; Story on Notes, sections 7, 81; 4 Iowa, 144.

Whilst these presumptions are designed to facilitate the negotiation of commercial paper, they may be rebutted by evidence. The question arises, has the defendant in this case done so? He might have simply denied the indorsement under oath, and Cassiday's authority to make it. This would have shifted the burden of the proof upon the

plaintiff. Not having done this, the plaintiff's case was *prima facie* made out by the production of the note. But it was competent for the defendant to rebut these presumptions also by allegations in his plea, and this he did do. Unfortunately, however, the facts show that for some reason he failed to sustain them by proof. He may now be able to do so under the altered rules of evidence. But we see no ground for discharging him from his liability on the indorsement as the case stood before the court below.

There was a motion for a new trial upon the ground that the court erred in its application of the law to the facts found. This motion should have prevailed.

Judgment reversed and cause remanded for a new trial.

WRIGHT, J., *dissenting.*—In my opinion the court below did not err in its application of the law to the facts of this case. I think that the facts fully justified the conclusion that Cassiday made this indorsement himself for his own use, and for the purpose of passing the same to Young and thence to plaintiff in payment of his own debt. The presumption referred to, that the note was indorsed by the firm to one member thereof, and that Cassiday, at the time he passed the same to Young, held it as his own property, has no weight, for the reason that all the circumstances, as I view them, entirely rebut such presumption. This, as I understand it, was the conclusion of the court below, from all the testimony; and I am not prepared to say it was not entirely just.