## Stotts v. Byers.

1. **Promissory note:** INDORSEMENT AS COLLATERAL. The indorsee of a promissory note who received the same without notice of equities, before maturity, and in consideration of his becoming surety for the payee upon another note, which he was subsequently compelled to pay, is a holder for value in the ordinary course of business, and is discharged from such equities.

*Appeal from Henry District Court.*

SATURDAY, OCTOBER 22.

SUIT on the following note:

"On or before the first day of October next, I promise to pay Joseph Johnson, or bearer, the sum of one hundred dollars for value received, this 18th May, 1857.

"JOHN BYERS.

"Indorsed, '*Joseph Johnson*.'"

The cause was submitted to the court, which found the facts specially as follows : "The note sued on was, on the first of June, 1857, the property of Joseph Johnson, the payee, and on that day was deposited by him with one Wm. A. Griffy, as collateral security for the payment of a note of $100, made by said Johnson to said Griffy, within thirty days, and that Griffy was to leave both notes at Parson's Bank in Keokuk, and if the note of Johnson was paid within thirty days, then the note sued on was to be returned to him. That before the expiration of thirty days, inquiries were made for said notes at Parson's Bank, but they

had not been left there; but the note of Johnson was found at one John McClure's, and, was paid off and taken up; that Johnson made diligent inquiries for the note sued on, but could not find it until after it was due, when it was presented to him by plaintiff, who claimed to have received it from said Griffy as collateral security. That said defendant, Byers, paid the note sued on to said payee, with the understanding that the money should be applied to the payment of the note given by Johnson to Griffy, so as to release his note (the one sued on) from the deposit, and that it was so applied to pay said Johnson's note. That said plaintiff received the note sued on from said Griffy, before due, as collateral security. That he went security for said Griffy on his paper, and received the note sued on as security therefor, and afterwards had to pay off said paper to an amount greater than the note sued on."

On these facts, the court found for plaintiff, and rendered judgment for the amount of the note and interest; from which defendant appeals.

*Clark & Doolittle* for the appellant.

*Joshua Tracy* for the appellee.

COLE, J.—The only question in this case is, whether the plaintiff, having, without notice of equities, taken the note before due as collateral security for his liability in becoming surety for the transferrer, for a debt which he afterwards paid, is a holder in good faith, for a valuable consideration, in the ordinary course of business, in such a sense as that he takes it discharged of any equities between the antecedent parties. This question was decided by this court in the affirmative, in the case of *Trustees of Iowa College* v. *Hill*, 12 Iowa, 462, after a thorough review of the different cases in the books on this question, and therewith we are still content. In that case,

1. PROMISSORY NOTE: Indorsement as collateral.

this court quoted, with full approbation, the case of *Roxborough* v. *Meesick*, 6 Ohio State, 448, where it was held, that if the creditor receiving such note as collateral security incurred any *new responsibility* or *subjected himself to any loss*, he will be protected from infirmities affecting the instrument before it was thus transferred. See also *Ruddick* v. *Lloyd*, 15 Iowa, 441. The cases on the question will be found referred to in 15 Iowa, *supra*, and also in 1 Am. Lead. Cases, 325 to 338.

                                                Affirmed.