Lathrop v. Donaldson.

LATHROP v. DONALDSON.

1. **Bills and notes negotiable:** PRESUMPTIONS IN FAVOR OF HOLDER. In the absence of all proof, it will be presumed that the holder of a negotiable promissory note obtained it in good faith, before maturity, and for a valuable consideration.

2. —— PAYMENT AFTER DUE. And in such a case, proof of payment to the original payee, after the maturity of the note, constitutes no defense.

Lathrop v. Donaldson.

*Appeal from Johnson District Court.*

FRIDAY, JUNE 7.

PLAINTIFF, Alvin Lathrop, declares upon a promissory note made by defendant in May, 1857, payable to H. W. Lathrop or bearer, and due one year after date. On the trial plaintiff introduced the note, and rested. Defendant, in his own behalf, testified that he had paid said note to H. W. Lathrop (this was probably in May, 1859), before he knew of the transfer; that H. W. Lathrop then told him the note was in the bank, and he would get it and deliver it to him. H. W. Lathrop was then called by defendant, who stated that in 1856 he was indebted to the plaintiff in the sum of about three or four thousand dollars, which was still unpaid; in that year he made a verbal agreement with plaintiff, by which he was to deposit notes as collateral security for said indebtedness, and obtain an extension of time; that pursuant to said contract he deposited several notes with the bank, to the order of plaintiff, as collateral security, and, in consideration thereof, obtained an extension of time; that plaintiff is the *bona fide* holder of the note, and that it was transferred before due. He also gave testimony tending to show that defendant had paid the note to him by conveying to him certain land; that he then believed he could get the note back so as to deliver it to defendant, but that he had been unable to do so; that the payment was made after the note was deposited to plaintiff's order.

Witness also stated that there was a correspondence by letter between him and plaintiff about the note deposited. Defendant objected to any evidence of the contents of said letters until their loss was accounted for. He then testified that he had burned most of his correspondence of this kind, believed it to be lost and had no knowledge

of where it was; "upon which," proceeds the bill of exceptions, "the court ruled that the acceptance of transfer of the notes was by letter, and that notice thereof was also by letter; that said last mentioned letter must be produced; that plaintiff failing to do this and to account for its loss, the testimony of H. W. Lathrop was excluded as to the contents of said letter; and thereupon the court decided that, there being no proof of the acceptance of said note as collateral, or any extension of time, so as to make the plaintiff a *bona fide* holder," found for defendant.

Plaintiff excepted to the ruling of the court excluding the testimony, as also to the judgment, and appeals.

*Clark & Haddock* for the appellant.

*Fairall & Boal* for the appellee.

WRIGHT, J.—The bill of exceptions in this case is so exceedingly indefinite and wanting in clearness, that we find great difficulty in reaching the points made by counsel. Thus, whether the correspondence referred to by witness, and the alleged contents thereof, was called out by defendant, and he afterward objected to all proof of what it contained, or by plaintiff on cross-examination, does not appear. Nor is it clear that the agreement as to the deposit and acceptance of the notes as collateral security was alone evidenced by letters. Indeed, a fair construction of the record would indicate that this was the result of a *verbal* agreement, and that the correspondence related to the notes after they were deposited.

1. BILLS AND NOTES NEGOTIABLE: presumptions in favor of holder.

Assuming, however, all that defendant claims, the conclusion is inevitable that this judgment must be reversed. For, if Lathrop's testimony is excluded we have this case and no more. Plaintiff declares upon a negotiable note

which he produces on the trial, and which the law presumes he obtained in good faith, before maturity, and is therefore unaffected by any equities, as against the payee, in favor of defendant. How he got it, what the consideration, what the circumstances, there is nothing to show. Plaintiff stands upon the presumption that he is an innocent holder for value, and that he obtained the note before due. *Kelley* v. *Ford*, 4 Iowa, 140; *Trustees of Iowa College* v. *Hill*, 12 Id., 462; *Wilkinson* v. *Sargent*, 9 Id., 521; *Wilbour* v. *Turner*, 5 Pick., 526; *Pettee* v. *Prout*, 3 Gray, 502.

2 —— payment after due.
And, in this attitude of the case, proof of payment to the original payee, after the maturity of the note, would be no defense.

If the actual consideration for the transfer was that plaintiff extended the time of payment, on the indebtedness which he held against the payee, then, within the rule recognized in the case of the *Trustees* v. *Hill*, *supra*, he would be protected and the defense would not avail. And see *Stotts* v. *Byers*, 17 Iowa, 303; *Davis* v. *Strohm*, Id., 421; *Ruddick* v. *Lloyd*, 15 Id., 441.

So that, if the testimony was all excluded, plaintiff was *prima facie* a holder for value. If what was said about the verbal agreement was not excluded, then a sufficient consideration was affirmatively shown.

If, however, there never was any transfer, or, if so, it was made after the maturity of the note, and defendant had no notice thereof at the time of payment, the defense would be good.

In the condition of the record, we need not now say more. The cause will be remanded and a new trial awarded.

Reversed.