N. P. SHAULIS v. W. E. BUXTON *et al.,* Appellants.

Notes: ILLEGAL CONSIDERATION: *Jury question.* In an action on a note, the defense was that it was given to compromise a prosecution for seduction; and it was shown that, during the trial of the prosecution by the payee against the maker (there being at the time a civil suit also pending) negotiations toward a settlement were commenced which resulted in defendant's executing the note, together with a certain agreement, and that the prosecution was dismissed. The agreement recited that, in consideration of a sum equal to the note, the prosecutrix acknowledged complete satisfaction of the claim made "in this action," and discharged the defendant and accused from all liability as father of the child with which plaintiff was pregnant, and from all liability from the state and county which might arise from such pregnancy. Prosecutrix in the seduction case testified that she did not agree to settle the criminal case, while defendant's evidence tended to show that that was the sole consideration for the note. *Held,* that the agreement, together with the presumption of a valid consideration, was sufficient to justify submitting to the jury the question whether the note was given to compromise the criminal case.

*Same.* Where in an action on a note indorsed by the payee to plaintiff the defense was that it was given to compromise a criminal prosecution, and that plaintiff had notice of such infirmity, and plaintiff testified that he was present during the negotiations leading up to the giving of the note and that nothing was said about the criminal prosecution, though on his cross-examination it appeared that he had some knowledge

of an agreement to settle the criminal case, the testimony of plaintiff, together with the presumption of legality of consideration, warranted a submission of the issue to the jury.

BURDEN OF PROOF. The burden of showing illegality of consideration was on defendant.

PLEA, PROOF AND CHARGE: *Harmless error.* Where in an action on a note indorsed by the payee to plaintiff, the defense was that it was given to compromise a criminal prosecution, and the answer of the defendant had admitted that before maturity the payee assigned the note to plaintiff, but denied that plaintiff paid a consideration for the same, and defendant introduced no evidence tending to rebut the presumption of consideration arising from the indorsement and possession by plaintiff, and the court charged that defendant admitted that plaintiff bought the note before it became due, while defendant's denial of want of consideration probably neutralized the admission as to the notes having been assigned, the instruction was not erroneous, in view of the lack of evidence to rebut the presumption.

*Appeal from Blackhawk District Court.*—HON. A. S. BLAIR, Judge.

TUESDAY, JANUARY 28, 1902.

ACTION at law on a promissory note. Defendants pleaded that the note was given in compromise of a criminal action, and that part of the consideration therefor consisted of an agreement not to presecute defendant W. E. Buxton for the crime of seduction. Trial to a jury, verdict and judgment for plaintiff, and defendants appeal.—*Affirmed.*

*Edwards & Longley* for appellants.

*Courtright & Arbuckle* for appellee.

DEEMER, J.—The note on which the action is predicated was given to Effie Shaulis. Plaintiff claims to be an innocent holder thereof for value and before maturity. This is denied by defendants, and they also pleaded illegality of consideration, as before stated. On October 10, 1895, there was pending in the district

court of Blawhawk county an action at law wherein Effie Shaulis was plaintiff, and defendant W. E. Buxton was defendant, in which plaintiff therein sought to recover damages from defendant for an alleged seduction. At the same time an indictment was pending against said defendant for the crime of seduction. The state was represented in the criminal action by Geo. W. Dawson, county attorney, assisted by E. A. Dawson; and Geo. W. was also plaintiff's attorney in the civil suit. The criminal case came on for trial, and after a jury was impaneled, and statements of the case made, negotiations looking to a settlement were commenced, and the case was postponed until the next day, when the court, after learning of what had been done in the interim, directed the jury to return a verdict of not guilty. It appears that the aforesaid negotiations resulted in defendant's executing the note in suit, together with an agreement of which the following is a true copy: "For and in consideration of the sum of six hundred dollars to me in hand paid, the receipt whereof is acknowledged, I, Effie Shaulis, the above plaintiff named, do hereby acknowledge full, adequate, and complete satisfaction and payment of the claim made in this action, and discharge and release the said William Buxton from any and all liability upon any and all claims in this action. And in consideration of said sum of money to me paid as aforesaid, I hereby settle and discharge and forever release the said William Buxton and Thomas Buxton from any and all liability, charge, or claim which I have or may hereafter have against them, or either of them, as the putative father of the child with which I am now pregnant, and do hereby release and discharge the said William Buxton from any and all liability to the state of Iowa and county of Blackhawk which may now or hereafter exist against either of them in an action of bastardy or other proceedings arising because of my now being pregnant; and if any action or proceeding is hereafter commenced against either of them because of such child being born, by the

state or county, this stipulation shall be a dismissal thereof. Effie Shaulis,  Plaintiff."

Defendants contend that the evidence shows without dispute that a part of the consideration for the note in suit was an agreement to compromise and compound the criminal action, and that the court should have sustained their motion for a directed verdict. This contention involves a consideration of two propositions: First. Does the uncontradicted evidence show that, as a part of the consideration for the note, Effie Shaulis, or her agent, agreed to compromise and compound the criminal action? Second. Does it also show that plaintiff was not a good faith purchaser of the note, for value, and before maturity?

Defendants offered evidence to show not only that part of the consideration of the note was an agreement to compound the criminal case, but that this was the sole inducement for the giving of the note. On the other side there was the written agreement to which we have referred, and testimony from plaintiff to the effect that she did not agree to settle the criminal case, and from her father to the same effect. True, this evidence was somewhat shaken by cross-examination, but the weight thereof was for the jury. It is claimed, however, that the agreement was made with E. A. Dawson, and that whatever he did was binding on Effie Shaulis, although she may have had no knowledge thereof. Both plaintiff and his daughter Effie testified that Geo. W. Dawson was the only attorney authorized to represent them, that their talk of a settlement was with him alone, and that there was no agreement to compound the criminal case. The agency of E. A. Dawson is not sufficiently established. But the court instructed, in effect, that if E. A. Dawson procured the note, and Effie Shaulis accepted the same, then whatever he did was binding on her, and he would, in law, be her agent. This instruction, whether right or wrong, must be accepted as the law of the case. But for

the written agreement which we have set out, it may be that the evidence under this instruction was such as to demand a finding from the jury that the note was tainted with illegality, and should not be enforced unless in the hands of a purchaser for value. But we think this agreement, plus the presumption of a valid consideration, was sufficient to justify the court in submitting the first proposition to the jury. The burden, it must be remembered, was on the defendants on this issue. Plaintiff's case was aided, not only by a presumption of law, but by a presumption of fact; and this presumption stood as so much evidence, the weight of which, however, was for the jury.

II. As to the second point, plaintiff was not only aided by a presumption, but he distinctly testified that he acquired the note for value, before maturity, and without knowledge or notice of any infirmity therein. Defendants say he made no inquiry regarding the circumstances under which the note was given, and therefore is not an innocent holder. True, he does not say he made inquiry; but he does testify that he was present during most of the negotiations, and had several talks with Geo. W. Dawson, who, he claimed, solely represented his daughter, and that nothing was said about the criminal case. True, his cross-examinations indicated that he had knowledge of the agreement to settle the criminal case, but the weight of his evidence, as a whole, was for the jury. There was no error in submitting this issue.

III. The court, in stating the issues, said, "Defendants admit that the plaintiff bought said note before it became due." This was an inaccurate statement. In a second amendment to the answer, defendants admitted "that after the execution and delivery of the note sued on, and before maturity, Effie Shaulis assigned said note to plaintiff and admit that said assignment was in writing, and indorsed on the back of said note, as alleged

in plaintiff's petition, but denying that plaintiff paid a valuable consideration for said note," etc. The note was negotiable in form, and was indorsed in blank by Effie Shaulis. It was shown to be in the possession of the plaintiff at the time of the trial. Under these facts, the presumption arises that it was purchased by plaintiff for value and before maturity; in other words, that he "bought it before it became due." *Lathrop v. Donaldson*, 22 Iowa, 234; *Kelley v. Ford*, 4 Iowa, 140. The term "assignment" is not a proper one to use in this connection. While it may be that the defendants' denial of want of consideration for the transfer neutralized the admission previously made, yet, as they introduced no evidence tending to rebut the presumption of consideration arising from the indorsement and possession of the note, there was no prejudicial error in the court's instruction regarding the issues in the case. The sole proposition relied on by defendants in this connection is that plaintiff had notice or knowledge of the infirmities inhering in the note.

IV. No criticism is made of the other instructions, except that there is no evidence on which to base them; hence we do not discuss the rules of law announced therein.

No prejudicial error appears, and the judgment is AF-FIRMED.