## LAKE v. REED.

**Promissory note** : LATENT INFIRMITIES : BONA FIDE HOLDER.  In order to defeat the rights of a *bona fide* holder for value, of a promissory note which it is claimed was procured by fraud, it must be shown, either directly or by circumstances, that he had *notice*, of such infirmity.  Proof of such facts and circumstances, as would have put a reasonable man upon inquiry in relation thereto, are not sufficient ; and an instruction to that effect was held erroneous.

*Appeal from Mahaska Circuit Court.*

TUESDAY, JULY 26.

ACTION upon a negotiable promissory note by the indorsee thereof.  Defense, that the note was given for the agency of a patent right, and that it was procured by false representations by the payee thereof, and that the

consideration had failed. Trial to a jury; verdict and judgment for the defendant. The plaintiff appeals.

*Lacey & Shephard* for the appellant.

*Seevers & Cutts* for the appellee.

Cole, Ch. J.—The only real question in this case is as to the correctness of this instruction given by the court to the jury: " Although the note may have been procured by fraud, perpetrated by the payee of the note, or his agents, yet if plaintiff took the note before maturity in the ordinary course of business and for a valuable consideration, such fraud would not be available as against plaintiff as a defense, until it is shown that the plaintiff had notice of such fraud, *or, such facts and circumstances as would have put a reasonable man upon inquiry in relation to the same.*"

The latter part of the instruction is misleading and erroneous. The course of the English authorities upon this question, and the re-establishment of the early doctrine of Lord Kenyon in *Lawson* v. *Weston*, 4 Esp. 56, after it had been overruled by *Gill* v. *Cudit*, 3 B. & C. 446, is concisely given in *Gage* v. *Sharp*, 24 Iowa, 15. The American authorities are not essentially different from the English in their course and present conclusion. The early and present doctrine is, that the right of a *bona fide* holder for value, in the usual course of business, of negotiable paper, cannot be defeated by proof that he was negligent, and omitted to make inquiries which common prudence would have dictated.

The case of *The Trustees of Iowa College* v. *Hill*, 12 Iowa, 462, is not in conflict with this doctrine. It is there said that plaintiffs " are not to be charged with notice because of any want of diligence on their part in making inquiry, or even if they took the note under sus-

picious circumstances, provided they had no notice, actual or constructive, of the alleged equities," etc. And so in the case of *Kelly* v. *Ford*, 4 Iowa, 140 : " If defendant claims that the assignee received the note with notice of fraud, or want of consideration in its inception, such notice must be proved, and the plaintiff cannot be charged with such notice by reason of any want of diligence on his part in ascertaining the fact of such fraud or want of consideration, even when he is in a situation where such facts could be ascertained by inquiry." This is the now settled doctrine. See Pars. on Notes and Bills, vol. 2, p. 279; Story on Notes, § 197. The distinction is this, to wit : the rule of law requires proof, direct or by circumstances, that the holder *had notice* of the defects or equities ; while the rule as stated in the instruction only requires proof that the holder was in such a situation as that he *might have had notice* if he had been diligent in making inquiries, which his situation offered and invited him to make.

Reversed.