## LANE v. EVANS.

1. **Promissory Note**: LATENT INFIRMITIES: INDORSEE. To charge an indorsee of a note with fraud in the inception of the contract between maker and payee, it must be shown that he had notice of the fraud. Proof of circumstances which would put a reasonable man upon inquiry is not sufficient.

*Appeal from Des Moines Circuit Court.*

WEDNESDAY, SEPTEMBER 18.

ACTION upon a promissory note by the indorsee against the maker. There was a verdict and judgment for defendant. Plaintiff appeals.

*J. H. Bremmerman* and *A. H. Stutsman,* for appellant.

*Thomas Hedge, Jr.,* for appellee.

BECK, J.—The answer of defendant to plaintiff's petition alleges that the note sued on was procured by fraud, of which plaintiff had notice when the paper was indorsed to him. There was testimony tending to support the allegation of defendant's answer as to the fraud in the note, and circumstances were shown tending to charge plaintiff with notice of the character of the transaction. Upon this branch of the case the court gave the following instructions:

1. PROMISSORY note: latent infirmities: indorsee.

"1. If the jury find by a fair preponderance of evidence that the note in question was obtained by fraud practiced by Charles Roberts on defendant, then the burden of proof is upon the plaintiff that he purchased such note for a valuable consideration, in good faith, before maturity, in the usual course of business; and if he fails to prove such facts by a fair preponderance of evidence then you must find for the defendant. But if he proves such facts by a fair preponderance of

evidence then he is entitled to recover in this case the amount of said note, with interest thereon, as specified therein, up to the present time, unless you find by a fair preponderance of evidence that plaintiff, before he purchased said note, had notice or knowledge of such fraud; *or, if the circumstances attending the purchase of said note were of such a strong and pointed character as necessarily to cast a shade upon the transaction, and put the plaintiff on inquiry as to such fraud.*

"2. If the jury find by a fair preponderance of evidence that said note was obtained by fraud by Roberts from defendant, and the plaintiff had knowlege or notice of such fraud, *or if the circumstances attending the purchase of said note were of such a character as necessarily to cast a shade upon the transaction, or to put the plaintiff on inquiry as to such fraud, then you will find for the defendant.*"

The parts of these instructions in italics are clearly erroneous. They announce the rule that if commercial paper be transferred under circumstances sufficient to arouse suspicion as to the good faith of the payee in the inception of the contract, the indorsee will thereby be put upon inquiry, and charged with notice of the fraud. But this court has held the contrary. Facts which would have put a reasonable man upon inquiry will not charge the indorsee with notice of fraud in the inception of the note. *Lake v. Reed*, 29 Iowa, 258.

*Trustees, etc., v. Hill*, 12 Iowa, 462, is cited by defendant's counsel in support of these instructions. It has not that effect, and is referred to in *Lake v. Reed* as being in harmony with the doctrine we recognize.

Other questions discussed by counsel need not be considered, for the reason that the judgment must be reversed on account of the error in the instructions above set out.

REVERSED.