JOHN HEFFRON v. JOHN HANAFORD, IMPLEADED, ETC.

*Partnership promise to pay a third person's debt—Accommodation endorsements—Declarations and admissions of partners.*

A partner is not bound by an accommodation endorsement made in the name of his firm, but without his assent.

A partner's declarations cannot bind his associates in concerns foreign to the partnership, nor can his admissions bring such matters within the scope of the business.

A note was given by a debtor to an execution creditor to obtain a release from a levy, and was endorsed in the name of a firm by one of the partners. There was no showing that the firm received any consideration, or that one of the partners consented to the endorsement. *Held* that it must be presumed that it was purely an accommodation endorsement, and that the creditor, who of course was not a *bona fide* holder, was privy to all the facts.

Where the authority of a partner to speak for his associates is not shown, his statements, so far as concerns them, are mere hearsay.

Error to Wayne. Submitted Jan. 16. Decided Jan. 28.

ASSUMPSIT. Plaintiff brings error.

*Jas. T. Keena* for plaintiff in error. When negotiable paper is endorsed with a partnership name, the firm is bound as to third persons unless the holder's title can

be impeached, *Livingston v. Roosevelt,* 4 Johns., 251; *Winship v. Bank,* 5 Pet., 529; *Etheridge v. Binney,* 9 Pick., 274; *Miller v. Manice,* 6 Hill., 114. Where the presumption is that a note is partnership paper, the statement and admission of a partner concerning it, if not in his own interest, should be received in evidence. *Bridge v. Gray,* 14 Pick., 61; *Vinal v. Burrill,* 16 Pick., 401; *Evans v. Coriell,* 1 Greene (Ia.), 25; *Hinkley v. Gilligan,* 34 Me., 101; *Gilmore v. Patterson,* 36 Me., 550; *Fickett v. Swift,* 41 Me., 68; *Chapman v. Wilson,* 1 Robinson, 285; *Lea v. Guice,* 13 Sm. & M., 667; *Hurd v. Haggerty,* 24 Ill., 171; *Rapp v. Latham,* 2 B. & A., 796; *Munson v. Wickwise,* 21 Conn., 515.

*Griffin & Dickinson* for defendant in error Hanaford. An endorsement in a partnership name does not bind all the members of the firm unless made in the execution of its legitimate business or by the express authority of all the partners. 5 Wait's Actions & Defenses, tit. Partnership.

CooLEY, J. Hanaford, Tristram and Webber, as copartners doing business under the name of Tristram & Webber, were sued on an endorsement made in the copartnership name, upon a note purporting to be given by another copartnership doing business under the name of Reynolds & Prince. The evidence showed that the note was given by the firm last named to obtain a release from execution levy in favor of Heffron of certain property levied upon as the property of Prince, one of its members, and that Webber endorsed it in the firm name of Tristram & Webber. No showing was made that Hanaford ever consented to this endorsement, or that Tristram & Webber ever received or were to receive any benefit from the transaction. Under these circumstances the presumption must be that the endorsement was purely an accommodation endorsement; and a partner not assenting is not bound by it. *Livingston v. Roosevelt,* 4

Johns., 251; *Laverty v. Burr*, 1 Wend., 529; *King v. Faber*, 22 Penn. St., 21. Heffron is of course not a *bona fide* holder, and must be supposed privy to all the facts.

Plaintiff was a witness on his own behalf, and his counsel put to him the question: "At the time Webber endorsed the note did he state any reason to you why he endorsed it in this shape?" Also, "What did he state was the consideration?" Both questions were overruled. The ruling was correct. Heffron knew he was taking the endorsement of the firm for a debt of a third person, and if Webber had stated at the time that his firm was to or did receive some consideration for the endorsement, it could not have bound Hanaford. A partner's declarations may bind his associates in partnership matters, but not in concerns foreign to the partnership; and he cannot by his mere admission or declaration bring a transaction within the scope of the business when upon the facts in proof it appears to have no connection. Webber would have been a competent witness to establish a partnership interest, but his declaration would, as to Hanaford, have been mere hearsay. His authority to speak for his associates must first be shown, and then, perhaps, what he says may bind or affect them.

The judgment must be affirmed with costs.

The other Justices concurred.