## COOK v. WEIRMAN.

1. **Promissory Note**: WHEN GIVEN FOR INSURANCE: INNOCENT HOLDER. A negotiable promissory note given for insurance, but not so expressing upon its face, transferred for value before maturity, will be protected in the hands of an innocent holder.

2. ——— : ——— : RULE APPLIED. Defendant gave his note in payment for a lightning-rod, which was erected under a written agreement warranting him against damage by lightning for ten years, and the note was transferred to plaintiff for value before maturity: *Held*, that the note was collectible.

*Appeal from Story Circuit Court.*

WEDNESDAY, SEPTEMBER 17.

ACTION upon a negotiable promissory note, executed by the defendant to C. Gillespie & Co., and by them transferred for value, before maturity, to the plaintiff. The defendant, for answer, avers that the note was given for a policy of insurance issued to him by the payees of the note, and that the note is uncollectible and void because the insurers were not authorized to transact the business of insurance in the State of Iowa. He further avers that the plaintiff took the note with knowledge that the same was illegal and void. A jury was called and the evidence introduced, when the court withdrew the case from the jury and rendered judgment for the plaintiff. The defendant appeals.

*Phillips & Conrad*, for appellant.

*H. M. Funson* and *Dyer & Fitchpatrick*, for appellee.

ADAMS, J.—I. C. Gillespie & Co., the payees of the note, were employed by the defendant to erect lightning conductors for him upon his buildings in Story county. They at the same time entered into a written agreement with him whereby they warranted him against damage by lightning to the buildings during the term

of ten years. For such lightning conductors, accompanied by such warranty, the defendant gave the note in suit, it being for one hundred and six dollars and forty cents. The defendant insists that the warranty was in effect a policy of insurance, and that the note, under section 1146 of the Code, is uncollectible and void. That section provides that all notes taken for policies of insurance in any company doing business in this State shall state upon their face that they have been taken for insurance, and shall not be collectible unless the company or its agents have fully complied with the laws of the State relative to insurance. C. Gillespie & Co. had not complied with the laws of the State relative to insurance, and if the note was given for a policy of insurance the note would doubtless have been uncollectible in their hands. Whether the instrument of warranty could be properly deemed a policy of insurance within the meaning of the statute we need not determine. The case will turn upon other considerations. The statute provides that where a note is given for a policy of insurance it shall express such fact upon its face. The object of the provision manifestly is to give notice of the character of the consideration. To our minds the provision affords a clear indication that without such notice, or something equivalent to it, the note, if made negotiable, would not be uncollectible in the hands of a purchaser for value before maturity.

We think it is not going too far to say that it was plainly the duty of the defendant, if he desired to avoid paying for the lightning conductors and the warranty against damage by lightning, either to give a non-negotiable note, or to see to it, if his note was drawn negotiable, that it was drawn as the statute provides. There is no pretense that he has not received all he contracted for, which, we must presume, was the full amount of the note. Most certainly he should not be allowed to avoid payment and impose a loss upon an innocent person unless such is clearly the meaning of the statute. The object of the statute is, of course, to discourage unau-

thorized companies from doing business in this State. As promotive of that object it was deemed proper that notes taken by such companies for policies of insurance should be rendered uncollectible, in the hands of the companies at least, and we presume it was the intention that they should be uncollectible in the hands of purchasers with notice. But the public can derive no possible protection from making the notes uncollectible in the hands of innocent purchasers. The loss imposed would not be serviceable as a punishment for aiding a wrong in the past, nor caution against doing one in the future. The law provides a penalty against unauthorized companies doing business, and even against authorized companies doing business by taking notes, except in the form prescribed. No device, by transfer of notes, will enable the companies violating the law to escape its penalties. It would be a sad conclusion to reach that the law demands, in addition to that, that innocent persons shall be made the victims of the combined fraud of insurer and insured.

II. The defendant averred, however, that the plaintiff purchased with notice, and claims that there was some evidence tending to establish such fact. If there was any evidence, however slight, the court erred in taking the case from the jury and rendering judgment for the plaintiff. It is not claimed that there was anything upon the face of the note tending in any respect to discredit it. It is not claimed, indeed, that the plaintiff had any positive knowledge in any way that the contract of warranty was a part of its consideration. The plaintiff testified that he had not, and his testimony is undisputed. But it is said that he had knowledge which should have excited his suspicions and put him upon inquiry. One fact relied upon is that the plaintiff purchased lightning conductors of the same men, gave his note and took a similar warranty. But the evidence shows that the conductors were put up, and the note executed in pursuance of a contract which did not include the warranty. The paper which included that was handed to the plaintiff after the rest

Cook v. Weirman.

of the transaction was concluded. If the plaintiff was bound to infer anything from his transaction in regard to the transaction out of which the note in suit grew he was not bound to infer that it was different from his own.

It is claimed further by appellant that the discount at which the plaintiff purchased the note was such that he was put upon inquiry. The discount appears to have been twenty-five per cent. But we can easily conceive that that was all that the plaintiff deemed the note worth, even if subject to no defense. We see nothing unusual in the transaction.

Some other things are contended for as being sufficient to put the plaintiff upon inquiry, but they are of no greater importance than those set out.

It should not be inferred from the foregoing that we deem the law to be, as the defendant seems to assume, that the purchaser of a negotiable promissory note for value before maturity will not, if he purchased under circumstances which would have excited the suspicion of a prudent man, be regarded as an innocent purchaser. It was, it is true, so held in *Gill v. Cubitt*, 3 Barn. & Cress., 466; but the rule in England now appears to be that even gross negligence will not necessarily defeat a recovery, and will do so only where it is such as to evince actual bad faith. In this country the decisions have not been entirely uniform, but the weight of authority is probably in accord with the later English rule. *Gage v. Sharpe*, 24 Iowa, 15; *Lake v. Reed*, 29 Iowa, 258. See, also, Daniel on Negotiable Instruments, §§ 774 and 775, and authorities cited.

Discovering no evidence upon which the defense could be predicated, we think that the court did not err in withdrawing the case from the jury, and rendering judgment for the plaintiff.

AFFIRMED.