D. M. Osborne & Co. *vs.* Daniel Stone, impleaded, etc.

November 20, 1882.

**Partnership—Authority of one Partner to Guaranty Notes.**—Mere partnership relation does not authorize a partner to guaranty the obligation of a third person. If any such authority is claimed to exist, it is for the claimant to prove it affirmatively. It cannot be established by any act (alone) of the partner who assumed to execute the alleged guaranty.

Plaintiff, a corporation, brought this action in the district court for Nobles county, on a note made by defendant Carr, on which was en-

dorsed a guaranty signed in the name of the firm of Bennett & Stone, of which firm defendant Stone was a member.

Stone answered separately, admitting the making of the note and the prior existence of the partnership, alleging that the guaranty was made, in the firm name, without his knowledge, consent or authority, by defendant Bennett, and denying the existence of the partnership at the time of the making of the guaranty.

The action was tried by *Severance, J.,* without a jury, and judgment ordered for defendant Stone. A new trial was refused, and plaintiff appealed.

*Geo. W. Wilson,* for appellant.

*Daniel Rohrer,* for respondent.

BERRY, J. For present purposes this may be regarded as an action against the firm of Bennett & Stone, upon an alleged guaranty of an obligation of defendant Carr. Stone, alone answering, denies that the guaranty was executed by the firm. This denial raises the material issue in the case. It may be assumed that the two defendants, Bennett and Stone, were partners in business as the firm of Bennett & Stone during the year 1876. To prove that the guaranty was that of the firm, plaintiffs offered in evidence the following documents, viz.: (1) The alleged guaranty; (2) a written instrument, antedating the guaranty and containing an agreement to guaranty, in plaintiffs' favor, obligations like that above mentioned; and (3) a purported statement of account between plaintiffs and Bennett & Stone, referring to the guaranty in suit as being in accordance with the agreement to guaranty. All of these documents appear to have been executed in 1876, and all were signed Bennett & Stone—the signature having been affixed by Bennett. No evidence of the nature or scope of the partnership business of Bennett & Stone was offered, nor any evidence tending to show authority in Bennett to execute firm guaranties, or to execute either of the documents mentioned, or any ratification of either of them by Stone. A certificate of protest of Carr's obligation was put in evidence, together with some testimony of the notary, but neither is important.

In this state of the evidence, the three documents were properly excluded by the trial court, upon Stone's objection. Mere partner-

ship relation does not authorize a partner to guaranty the obligation of a third person.    If any such authority is claimed to exist, it is for the claimant to prove it affirmatively.    He may show that it has been expressly conferred by partnership agreement, or that it is inferable from the nature or course of the partnership business, or that its assumed exercise has been ratified.    But in whatever way its existence is to be established, the burden of proof is upon him.    In support. of these propositions we cite *Selden* v. *Bank of Commerce*, 3 Minn. 108, (166;) Story on Partnership, § 127, and note; 1 Lindley on Partnership, 281, and note; Brandt on Suretyship, § 10; *Rollins* v. *Stevens*, 31 Me. 454; *Sweetser* v. *French*, 2 Cush. 309.    To permit it to be established by proof of any act (alone) of the partner who assumed to execute the alleged guaranty, whether the act be the original execution of the· guaranty, its subsequent ratification, or an agreement to execute it, would obviously be wrong.    It would be utterly inconsistent with the rule which requires that, to bind the firm, the guaranty must be affirmatively shown to be the act of the firm, and not merely the unauthorized act of a single partner.

Order affirmed.*

*Another case, involving the same question·between plaintiff and defendant Stone, was argued with this case, and decided in the same way, November 20, 1882. [Reporter.