FRED. J. SLIPP *vs.* GUILFORD G. HARTLEY *et al.*

Argued May 6, 1892.    Decided June 1, 1892.

**Statements of a Partner, when Evidence against the Other Partners.**
Admissions and declarations of one member of a firm, to be admissible in evidence as against and to bind his associates, must be made while he is engaged in transacting legitimate partnership business, or made in relation to matters within the scope of the partnership.    By such declarations and admissions a transaction cannot be brought within the scope of the partnership business, when in fact it has no connection with it.

Appeal by defendant Guilford G. Hartley, from an order of the District Court of Crow Wing county, *Holland*, J., made February 9, 1892, denying his motion for a new trial.

Fred. J. Slipp, the plaintiff, brought this action February 16, 1891, against Guilford G. Hartley, Benjamin F. Hartley, James Dewar, Louisa M. Witt, W. H. Leland, and D. E. Slipp upon a promissory note made by Witt, Hartley & Co., dated April 22, 1885, for $2,066, and interest at ten per cent. a year, payable to the order of D. E. Slipp three months after its date, without grace.    It was indorsed Hartley Bros. & Dewar, W. H. Leland, and D. E. Slipp. There were also two payments indorsed; $200, November 9, 1886, and $300, March 23, 1887.    The note was not paid when due, and was protested for nonpayment July 22, 1885, and notice given the indorsers.

The firm of Witt, Hartley & Co. was composed of the defendants Guilford G. Hartley, Benjamin F. Hartley, James Dewar, and

Louisa M. Witt. The firm of Hartley Bros. & Dewar was composed of Guilford G. Hartley, Benjamin F. Hartley, and James Dewar. All the defendants made default except Guilford G. Hartley. He alone answered, and there was evidence tending to show that Benjamin F. Hartley made the note in the copartnership name of Witt, Hartley & Co., and indorsed it with the copartnership name of Hartley Bros. & Dewar, without this defendant's knowledge, consent, or authority, and solely for the accommodation and convenience of the defendants Benjamin F. Hartley and W. H. Leland. It was in fact made in renewal of two notes of $1,000 each and interest, given by Benjamin F. Hartley and W. H. Leland to raise money to build the Villard Hotel at Brainerd, in which enterprise neither of the two firms had any interest. These facts were known to D. E. Slipp when the note was made, and when he took it; and he indorsed it to his brother, the plaintiff, after its maturity. The jury found a verdict for plaintiff for $2,660.50. The defendant Guilford G. Hartley moved the Court to set aside the verdict, and grant him a new trial. This was denied, and he appealed to this Court.

*W. W. Billson* and *Leon E. Lum*, for appellant.

Without affirmative evidence of authority or ratification, an accommodation indorsement in firm name is not obligatory upon the firm or its members, other than the one making the indorsement. *Osborne & Co.* v. *Stone*, 30 Minn. 25; *Bank of Commerce* v. *Selden, Withers & Co.*, 3 Minn. 155, (Gil. 99;) *Selden, Withers & Co.* v. *Bank of Commerce*, 3 Minn. 166, (Gil. 108.)

Certain admissions or statements were made by B. F. Hartley, the person who had unwarrantably used the firm name upon this accommodation paper, to the effect that the indebtedness represented by the two $1,000 notes, after the making of said notes, had been assumed by one of the Hartley firms. These admissions were made not in connection with, or as a part of, any transaction of his firm, but in the course of a conversation, which took place between B. F. Hartley and D. E. Slipp after the two $1,000 notes became due, and before the note in suit had been substituted for them. Hence when these admissions were made by him, B. F. Hartley was already lia-

ble on these notes individually, by virtue of his unauthorized use of his firm's name upon the back of them. The effect of his statement would be to unload his individual liability as an indorser, upon the firm of which G. G. Hartley was a member.

The power of one partner to bind his associates is derived from the general principles of agency. Partners are qualified to bind each other, only so long as they are identified in interest; and never when the interest of the party acting, or speaking, is adverse to that of his associates. *Kaiser* v. *Fendrick*, 98 Pa. St. 528; *Heffron* v. *Hanaford*, 40 Mich. 305; *Boor* v. *Lowrey*, 103 Ind. 478; *Munson* v. *Wickwire*, 21 Conn. 517.

*W. H. Mantor* and *A. Y. Merrill*, for respondent.

The burden of proof was on the defending partner, to show by a preponderance of evidence that the execution of this note was not a partnership transaction, and that D. E. Slipp had reason to believe at the time the credit was obtained, that B. F. Hartley did not intend to use the proceeds for the benefit of the firm. *Deitz* v. *Regnier*, 27 Kansas, 94; *Ensminger* v. *Marvin*, 5 Blackf. 210; *Hamilton* v. *Summers*, 12 B. Mon. 11; *Sylverstein* v. *Atkinson*, 45 Miss. 81; *Barrett* v. *Swann*, 17 Maine, 180.

The declarations of B. F. Hartley show that the making of the note in suit was a transaction of the firm of Witt, Hartley & Co., for the benefit of the firm. These declarations were competent evidence for that purpose. *Amherst Bank* v. *Root*, 2 Met. 522; *Smith* v. *Collins*, 115 Mass. 388; *Wilson* v. *Richards*, 28 Minn. 337; *Coleman* v. *Pearce*, 26 Minn. 123; *Western Assur. Co.* v. *Towle*, 65 Wis. 247.

COLLINS, J. This was an action upon a promissory note signed by the firm of Witt, Hartley & Co., payable to the order of D. E. Slipp, by whom it was indorsed to plaintiff, his brother, after maturity. Before delivery to the payee it was indorsed by Mr. Leland, and by the firm of Hartley Bros. & Dewar. The appellant, G. G. Hartley, was the only answering defendant, and at the time of the making and delivery of this paper he was a member of both firms before mentioned. There was no contention over his claim upon the trial

that the note sued upon was only given as a substitute and to take up two past-due notes made payable to one Mrs. Pangborn, one signed by Mr. Leland, the other by the firm of Witt & Leland, of which he was a member, both indorsed before delivery by D. E. Slipp and the firm of Hartley Bros. & Dewar, solely for the accommodation of their respective makers. It was also undisputed that these two. notes, as well as the one sued upon, were signed and indorsed by B. F. Hartley, a member of both firms, without the knowledge or consent of appellant. As the Pangborn notes were not indorsed on account of any firm liability or partnership transaction, but, admittedly and solely, for accommodation purposes, and the note in litigation was simply a substitute, given to take up the Pangborn paper, which had gotten into the hands of D. E. Slipp with knowledge of the facts, it was not enforceable against either firm, or against the individual members of either firm, except the one who signed or indorsed the same, without affirmative evidence of prior authority to execute, or a subsequent ratification of such execution by the other partners, the burden of proof being upon the plaintiff. *Van Dyke* v. *Seelye,* 49 Minn. 557, (52 N. W. Rep. 215,) and cases cited.

The only affirmative proof offered by the plaintiff or received by the court on this point, or which connected the appellant or either firm in any manner with the note now under consideration, was in the nature of admissions or statements made by B. F. Hartley to D. E. Slipp after the maturity of the Pangborn notes, and before the execution of the note in suit, to the effect that one or both of the firms of which he was a member had assumed and were to pay the indebtedness represented by the notes first mentioned. These admissions or statements were not made in the course of a business transaction with either firm, but in a conversation had between these two persons at a time when the liability of both, Slipp as an indorser before delivery and B. F. Hartley by means of his unauthorized use of the firm name of Hartley Bros. & Dewar, as an indorser of the paper, had become fixed and certain. To this class of testimony appellant very strenuously objected, but without avail. All that was said on this occasion by B. F. Hartley in regard to an assumption of the amount due on the Pangborn notes by one or both of his firms was

allowed to go to the jury, and on this testimony alone the verdict against appellant must have been predicated. We say on this testimony alone advisedly, because it is not contended that there was anything of importance in the conversation detailed by D. E. Slipp as having been held with appellant after the indorsement of the Pangborn notes.

It was clearly error to receive in evidence these statements or declarations of B. F. Hartley made after his own liability on the notes had become fixed through the unauthorized and unlawful use of the firm name by him. The effect of it was to recognize the power of one partner to unload upon the firm an individual liability and indebtedness, and to establish the authority of one member of a firm to bind his associates by verbal declarations, where he could not bind them by a physical act, such, for instance, as signing the firm name to a promissory note, in a transaction outside of the partnership business, and at a time when his interests were adverse to those of his associates, as was well known to the person to whom the declarations were made, and who thereafter became the payee of the note in suit.

While it may be well settled that the admissions or declarations of a partner, during the existence of the partnership, while engaged in transacting its legitimate business or relating to matters within the scope of the partnership, are admissible in evidence against the firm, the admissions or declarations in question were not within that rule. They were made after the Pangborn notes matured, and prior to the execution of the note on which this action was brought, in the course of a casual conversation with Mr. Slipp in relation to a transaction which he well knew, when entered into, was not within the scope of the partnership business, and, as he also well knew, a fraud upon the other partners, unless authorized by them. A partner's declarations or admissions may, as will his acts, bind his associates in partnership matters, but not in concerns and transactions foreign to the partnership; and he cannot, by such declarations or admissions, bring a transaction within the scope of the partnership business, when in fact it has no connection. To sanction such a proceeding would be to enable a partner at

any time to turn all his individual liabilities upon the partnership, and to render it helpless, as against his unlawful and fraudulent acts performed in the name of the firm. *Heffron* v. *Hanaford*, 40 Mich. 305; *Kaiser* v. *Fendrick*, 98 Pa. St. 528; *Boor* v. *Lowrey*, 103 Ind. 478, (3 N. E. Rep. 151;) *Ohler* v. *Bruning*, 28 N. J. Law, 79; *Thorn* v. *Smith*, 21 Wend. 365. See, also, *Osborne* v. *Stone*, 30 Minn. 25, (13 N. W. Rep. 922,) and *Wells* v. *Turner*, 16 Md. 133.

We need not consider the appellant's third assignment of error. Order reversed.