SAMUEL A. TOLMAN, Appellant, v. G. O. JANSON.

**Bills and Notes:** NEGOTIABILITY. A note otherwise negotiable is not rendered non-negotiable in Iowa by a provision in it authorizing an attorney to appear at any time and confess judgment thereon, on the ground that the time of payment is thereby rendered uncertain, since such a provision is illegal and no part of the note.

PRESUMPTIONS AS TO HOLDER. The holder of a note is presumed to be a *bona fide* holder.

LAW OF SISTER STATE. In an action on a note made in a foreign state, the laws of such state concerning provision for power of attorney to confess judgment will be presumed to be the same as those of Iowa, in the absence of pleading and proof to the contrary.

*Appeal from Des Moines District Court.*—HON. JAMES D. SMYTH, Judge.

WEDNESDAY, OCTOBER 19, 1898.

THE plaintiff is the holder of four promissory notes, on which recovery is sought in this action. The following is a copy of one of the notes, the others being the same except as to dates of payment: "$43.75. Chicago, April 1st, 1892. Thirty months after date, without grace, for value received, I promise of pay to the order of Jernberg & Rylander, forty-three 75-100 dollars in gold coin of the United States, with interest at six per cent. per annum, payable —— annually, interest at seven per cent. after maturity, at the banking office of Jernberg, Griffin & Co., Chicago, Illinois. This note is secured by a trust deed of even date herewith to ——. And to further secure the payment of said amount —— hereby authorize irrevocably any attorney of any court of record to appear for —— in such court, in term time or vacation, at any time hereafter, and confess a judgment, without process, in favor of the holder of this note, for such amount as may appear to be unpaid thereon, together with costs and

twenty-five dollars attorney's fees, and to waive and release all errors which may intervene in any such proceeding, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that —————— said attorney may do by virtue hereof. G. O. Janson." The notes are indorsed in blank by the payees, and the plaintiff claims to be a *bona fide* holder thereof. From the answer it appears that the consideration for the notes was a certain lot, to which the payees in the notes agreed to give a clear title, which has not been done, and cannot be, because of which there is an entire failure of the consideration. The cause was tried to the court without a jury, who gave judgment for the defendant, and the plaintiff appealed.—*Reversed.*

*Dodge & Dodge* and *Ashcroft, Gordon & Cox* for appellant.

*Charles Willner* and *Hedge & Blythe* for appellee.

GRANGER, J.—The plaintiff put in evidence the notes sued on, and rested his case. Defendant then introduced evidence directed to his defense of a failure of consideration, and upon the submission of the case judgment was entered for defendant. The conclusion of the court could have been based on no other finding than that the notes were non-negotiable, because of which the plaintiff is not protected as an innocent holder of value. Being the holder of the notes, he has in his favor such a presumption, which must be overcome by proof, before the defense pleaded is available as against him. *Manufacturing Co. v. Thomas,* 53 Iowa, 558; *Trustees v. Hill,* 12 Iowa, 462; *Richards v. Monroe,* 85 Iowa, 359. Authorities to the same effect are numerous. That the court below based its conclusion on a finding that the defense could be urged against plaintiff on the ground of the non-negotiability of the notes is conceded by appellee in argument, for he says, "The only legal question relevant or pertinent is the negotiability of the notes." It is then said

that the district court held that they were not negotiable, and that the defense was good. The only ground on which the notes are said to be non-negotiable is the provision authorizing any attorney to appear and confess judgment, because it makes uncertain the time of payment. The conclusion is, likely, correct under our holding in *Culbertson v. Nelson,* 93 Iowa, 187. But, unfortunately for appellee, we meet another question not presented in argument. The notes were made in Illinois. The pleadings contain no averment that the law of Illinois differs from ours on the subject of provisions in a note for the confession of judgment by an attorney. In *Hamilton v. Schoenberger,* 47 Iowa, 385, it is expressly held that such a provision in a note cannot be enforced in the courts of this state, and is not authorized nor contemplated by our laws. For the purposes of this case we must regard the law of Illinois the same as ours, unless pleaded and proven to be otherwise. *Bean v. Briggs,* 4 Iowa, 464; *Crafts v. Clark,* 31 Iowa, 77; *Webster v. Hunter,* 50 Iowa, 215; *Hadley v. Gregory,* 57 Iowa, 157. From this the unmistakable conclusion is that the provision of the notes as to confession of judgment was never of any validity, and hence no part of the notes. The argument of appellee practically concedes that the notes, without the provision as to confession of judgment, are negotiable, as they surely are. Such a conclusion, under the conditions of the record, entitles the plaintiff to judgment. This conclusion is not on the line of the arguments presented, but, nevertheless, it seems conclusive, and the judgment must stand REVERSED.