CHARLES MANSFIELD, Appellant, v. FRED C. HOWELL, EDWIN O. HARPER, MARK H. WILSON, JOSEPH COULTER, NEIL C. LARIMER, JOHN H. MOORE, ERNEST KITCHEL, CHARLES A. WITTE, JAMES HOWELL, D. A. BEECHER, SAMUEL NICCOLS, CLAUDE T. WINFREY, JOSEPH R. MATHEWS, FRED C. SCHWENTKER, E. D. HOFFMAN, JOSEPH E. SCHNELL, JOHN HEUTEL, and W. M. SPRINGER, Copartners, Doing Business Under the Name of KIRKWOOD MOTOR COMPANY, Respondents.*

St. Louis Court of Appeals. Opinion Filed February 2, 1926.

NEGLIGENCE: Partnerships: Evidence: Admissions: Action Against Partners: Declarations by One: Admissibility. In an action for damages against several defendants, alleged copartners, for personal injuries sustained by plaintiff by being struck by an automobile operated by one of the defendants named in the petition as a member of the copartnership, a declaration by such alleged partner to the effect that he was driving the automobile at the time on a trip to obtain and haul a block and tackle to be used in the partnership business, *held* inadmissible.

*Corpus Juris-Cyc. References; Partnership, 30 Cyc., p. 590, n. 16.

Appeal from the Circuit Court of St. Louis County.—
*Hon. J. W. McElhinney,* Judge.

AFFIRMED AND REMANDED.

*Jesse T. Friday* and *Matt J. Scherer* for appellant.

*James T. Roberts* of counsel.

(1) It was shown in this case that the defendants in September, 1921, signed articles of association in an

effort to form a corporation known as the Kirkwood Motor Company, for the purpose of buying, selling, dealing in and repairing motor vehicles. These articles were not filed with the Recorder of Deeds of St. Louis County until the latter part of January, 1922. In the meantime defendants conducted the business of buying, selling, dealing in and repairing automobiles at Kirkwood, Missouri, under the name of the Kirkwood Motor Company. This rendered the defendants liable as partners touching the business and affairs of the Kirkwood Motor Company. Where persons attempt to form a corporation, but fail to comply with the law respecting the formation of corporations and conduct the business which was intended the corporation should conduct, such persons are liable as partners. Martin v. Fewell, 79 Mo. 401; Simmons v. Ingram, 78 Mo. App. 603; Hyatt v. Van Riper, 105 Mo. App. 664, 78 S. W. 1043; Richardson v. Pitts, 71 Mo. 128; Ferris v. Thaw, 72 Mo. 446; Journal Co. v. Nelson, 133 Mo. App. 482; Sexton v. Snyder, 119 Mo. App. 668, 94 S. W. 562. (2) The partnership having been established, the declarations or admissions of John Heutel, one of the partners, during the existence of the partnership touching the matters in controversy were binding on the defendants who were associated with Heutel in the partnership business. 22 Corpus Juris, page 402, sec. 476; Evers v. Life Ass'n, 59 Mo. 429; Dowzelot v. Rawlings, 58 Mo. 75; Henslee v. Cannefax, 49 Mo. 295; Am. Iron Mt. Co. v. Evans, 27 Mo. 552; Little v. Ferguson, 11 Mo. 598; Cunningham v. Sublette, 4 Mo. 224; Cannon v. Wings, 150 Mo. App. 12; Rainwater v. Burr, 55 Mo. 466; Cady v. Kyle, 47 Mo. 346; Caris v. Simmons, 92 Mo. App. 66; Adair v. Kansas City Term. Ry. Co., 282 Mo. 133, 220 S. W. 920; Railway Company v. Fowler, 142 Mo. 670; In re Kelly's Est., 255 S. W. 1064.

*Jones, Hocker, Sullivan & Angert, Ralph & Baxter* and *Robert B. Powell* for respondents.

(1) The ruling of the court in granting defendants a new trial was correct. It was error to receive in evidence the alleged admission of one of the defendants. (a) This statement was self-serving, and, therefore, not an admission against interest. 1 Ruling Case Law, page 486; 22 Corpus Juris, 231, 233, 235. (b) The alleged statement was merely a narration of a past transaction. 22 Corpus Juris, 403; Rimel v. Hayes, 83 Mo. 200; Freeman v. Bloomfield, 43 Mo. 393; 1 Greenleaf on Evidence (16 Ed.), sec. 184; 2 Wigmore on Evidence, sec. 1078. (c) The statement of an individual partner is not admissible to prove that a particular transaction pertains to the partnership and not to the individual concerned in it. 2 Wigmore on Evidence, sec. 1078; Dixon v. Hood, 7 Mo. 414; Filley v. McHenry, 71 Mo. 417; Rimel v. Hayes, 83 Mo. 200; Huyssen v. Lawson, 90 Mo. App. 82; Edgell v. MacQueen, 8 Mo. App. 71. (2) The court erred in excluding testimony offered by defendants, and the motion for new trial should have been sustained for that reason. 22 Corpus Juris, 231, 233, 235; 2 Jones on Evidence, sec. 323; 3 Wigmore on Evidence, sec. 1456, 1458; Brown v. Holman, 292 Mo. 652. (3) The evidence was insufficient to make a case for the jury on any theory. Guthrie v. Holmes, 272 Mo. 215; Kilroy v. Crane Agency Co., 218 S. W. 425; Downs v. Horton, 287 Mo. 434; Glassman v. Harry, 182 Mo. App. 304; Ursch v. Heier, 241 S. W. 442.

NIPPER, J.—This is an action for damages for personal injuries. Suit was instituted against several defendants, who were alleged to be copartners, operating an automobile agency under the name of the Kirkwood Motor Company.

On the nineteenth of November, 1921, while plaintiff, a pedestrian, was upon the traveled portion of Washington Avenue, at its intersection with Compton Avenue, in

the city of St. Louis, he was struck by an automobile operated by John Heutel, one of the defendants named in the petition, and alleged to be a member of the co-partnership. No service was had upon Heutel, Beecher, or Hoffman, and the plaintiff dismissed as to them. There was a verdict for the plaintiff in the sum of $4500, and the other named defendants filed a motion for new trial, which was by the court sustained. Plaintiff has appealed to this court from the order sustaining the motion for new trial, and, in view of the questions presented on this appeal, it becomes unnecessary to state in detail the facts with reference to how the accident occurred.

Briefly stated, it appears that, prior to September 1, 1921, defendant Shnell, and John Heutel had been conducting an automobile sales agency and repair business at Kirkwood, as partners. On or about the last-named date, they, with other defendants, executed articles of incorporation. It appears, that at the time Heutel struck plaintiff, he was driving a Packard automobile. The accident occurred late in the evening, about nine or ten o'clock. Heutel had a young lady in the car with him. After Heutel struck plaintiff, he took him to a hospital, and on visiting him the next day after the accident, he is alleged to have made certain statements to plaintiff to the effect that he was driving this automobile at the time on a trip to obtain and haul to the place of business of himself and his copartners a block and tackle to be used in the partnership business. The court granted defendants a new trial on the ground that the admission of this declaration of Heutel was error. It is sufficient to state that there was evidence tending to prove the partnership, aside from this declaration, but there was no other testimony to show that Heutel was transacting partnership business at the time the accident happened other than his declaration.

The court granted defendants a new trial on the ground that error had been committed in the admission of this declaration of Heutel, said to have been made to

plaintiff the day after the accident, and a decision of this question disposes of the whole case here on appeal.

Learned counsel for plaintiff insists that the ruling of the trial court is in conflict with the rule of law as enunciated by our Supreme Court in Adair v. Kansas City Terminal R. Co., 282 Mo. 133, 220 S. W. 920, and cases therein cited. The Adair case lays down the doctrine that, where an action is founded upon a partnership liability, the admission of one partner is evidence against all. But the opinion in the Adair case does not support the contention of plaintiff; and the trial court's ruling, we think, was correct. Before the partners could be held liable for the tortious acts of Heutel, the copartner, the acts must be performed in the line of the partnership business. We do not understand plaintiff to make any serious objection to this proposition of law, but plaintiff's theory is that the admissions and declarations of the copartner are admissible for the purpose of showing that the one committing the tortious act was in the performance of a partnership duty or business at the time. This contention is not supported in law or in reason.

In 1 R. C. L., pages 54 and 55, it is said:

"The existence of a partnership having been admitted or proven, the declarations of one partner in relation to the affairs of the firm are competent evidence against all the members. But a partner's declarations or admissions do not bind his associates in concerns and transactions foreign to the partnership, and he cannot, by such declarations or admissions, bring a transaction within the scope of the partnership business when in fact it had no connection therewith."

In Edgell v. Macqueen, 8 Mo. App. 71, this court held that the admissions of a partner could not be introduced to prove that a transaction pertained to the partnership, and not to the individual making the admissions when that is the very matter in dispute.

There was evidence in the present case to prove partnership without the admissions and declarations of

218 Mo. App.—36.

Heutel, but there was no evidence, aside from such admissions or declarations, to show that Heutel was in the performance of a partnership duty or transaction at the time plaintiff was injured. In fact, the circumstances surrounding this case would indicate to the contrary. It would, therefore, be an unjust rule to permit Heutel to commit a reckless act of this kind and then saddle the liability upon the partnership by his admissions and declarations alone. [Slipp v. Hartley, 50 Minn. 118; Kaiser v. Fendrick, 98 Pa. St. 528.]

The judgment of the trial court is affirmed, and the cause remanded. *Daues, P. J.,* and *Becker, J.,* concur.